IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEANA HOUGHLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-1106-RJD[1] |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Commissioner's Unopposed Motion to correct Judgment Pursuant to Federal Rule of Civil Procedure 60(a). (Doc. 43). On January 30, 2024, the parties jointly requested a remand of this case to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 40). The Court granted that request and entered judgment for Plaintiff, remanding this case to the "Commissioner for *rehearing* and reconsideration of the evidence." (Doc. 41 & Doc. 42) (emphasis added). Now, the Commissioner notes that a rehearing was not part of the parties' agreed motion to remand and that Plaintiff was already afforded the opportunity to testify at the June 2022 hearing, which encompassed the entire adjudicative period. (Doc. 43 at 2). Citing the Commissioner's Hearings, Appeals, and Law (HALLEX) manual, the Commissioner argues that in claims for Title II disability insurance benefits where the period at issue expired before the date of the hearing decision, as in this case, the ALJ does not need to offer the claimant a hearing unless the ALJ "finds that the facts warrant it." (*Id.* citing HALLEX II-5-1-3). He, thus, asks the Court to amend

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). (Doc. 20).

its order so as to omit the language regarding a rehearing on remand. (Doc. 43 at 2). Plaintiff does not object to the entry of an Amended Order. (*Id.*).

The Court first notes that remanding a case to the Commissioner with or without a rehearing is within the discretion of the Court when ruling on a motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). *See* 42 U.S.C. § 405(g); *see also Gray v. Kijakazi*, 4:20-CV-1129, 2022 WL 710184, at *4 (M.D. Pa. Mar. 9, 2022) ("The statute affords District Courts the authority to remand with or without remand for rehearing"); *Best v. Kijakazi*, 1:21CV64, 2022 WL 172872, at *2 (M.D.N.C. Jan. 19, 2022) ("The statute authorizing judicial review of final decisions by the Commissioner clearly vests this Court with the power to order rehearings before an ALJ on remand"). The Commissioner's Hearings, Appeals, and Law (HALLEX) manual, however, makes clear that in claims for Title II disability insurance benefits where the period at issue expired before the date of the hearing decision, as the case at issue, the ALJ does not need to offer the claimant a hearing unless the ALJ "finds that the facts warrant it." (*Id.* citing HALLEX II-5-1-3).

To assure that the Court's order accurately reflects the parties' agreement and to avoid any appearance of conflict with the Commissioner's regulations and manual, the Court **FINDS** it is appropriate to amend the Order at Doc. 24 to omit the language regarding rehearing. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."); *compare* Fed. R. Civ. P. 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons...mistake, inadvertence, or excusable neglect."); *see also Shuffle Tech Intern., LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 710-11 (7th Cir. 2014) (discussing Rule 60(a) and (b)).

Accordingly, the Commissioner's Unopposed Motion to correct Judgment Pursuant to Federal Rule of Civil Procedure 60(a) (Doc. 43) is **GRANTED**, and the Order Granting Motion to Remand (Doc. 41) is **AMENDED** as follows:

The parties ask that this case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error and is itself a final, appealable order.  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999).  Upon a sentence four remand, judgment should be entered in favor of the plaintiff.  *Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993).

For good cause shown, the parties' Agreed Motion to Remand (Doc. 40) is **GRANTED**. The parties agree that, on remand, the ALJ will reevaluate the claimant's mental residual functional capacity and explain how the assessed work restrictions accommodated the claimant's mental limitations, including any limitations in concentration, persistence, or pace; if necessary, obtain additional vocational expert testimony; take further action to complete the administrative record resolving the above issues; and issue a new decision.  Plaintiff applied for benefits on April 28, 2020.  (Tr. 15).  While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this case on remand.

The final decision of the Commissioner of Social Security denying Plaintiff's application for social security benefits is **REVERSED and REMANDED** to the Commissioner for reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of Court is directed to enter judgment in favor of Plaintiff.  All pending deadlines are moot.

**IT IS SO ORDERED.**

**DATED:  February 6, 2024**

_s/ Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**